UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| In the matter of,<br>STEVEN D. BOBINSKI,<br>    Debtor.<br>_____<br>MARTHA L. WISCHMEYER,<br><br>    Appellant,<br><br>v.<br><br>STEVEN D. BOBINSKI,<br><br>    Appellee. | Adversary Proc. No. 13-02221-JPK<br>Chapter 7<br><br><br><br><br><br><br>Case No. 2:15-CV-085-JD |

OPINION AND ORDER

## I. Introduction and Procedural Posture

This is an appeal from an adversary proceeding relating to the Chapter 7 bankruptcy of Steven Bobinski. Mr. Bobinski's bankruptcy follows litigation between himself and his former spouse Julie Thomas (f.k.a. Julie Bobinski) regarding their three children. During that litigation, Martha Wischmeyer served as a guardian *ad litem*. In a stipulation approved by an Indiana state court, Mr. Bobinski and Ms. Thomas each agreed to assume responsibility for half of Ms. Wischmeyer's fees (subject to judicial reallocation). After Mr. Bobinksi filed for bankruptcy, Ms. Wischmeyer filed an adversary proceeding contending that Mr. Bobinksi's share of her guardian *ad litem* fees is not dischargeable in bankruptcy under 11 U.S.C. § 523(a)(5). The bankruptcy court reached the opposite conclusion. Ms. Wischmeyer now appeals the bankruptcy court's decision to this Court.

1

## II. Jurisdiction and Standard of Review

This appeal presents a single question of law: whether a debtor's direct obligation to a guardian *ad litem* is a domestic support obligation such that it cannot be discharged in Chapter 7 bankruptcy under 11 U.S.C. § 523(a)(5). Since this is a question of law, the Court reviews it *de novo*. *See Kovacs v. United States,* 739 F.3d 1020, 1023 (7th Cir. 2014). The Court has jurisdiction over this matter, since it is an appeal from a final order of the bankruptcy court. 28 U.S.C. § 158(a)(1).

## III. Analysis

In Chapter 7 bankruptcy, a trustee liquidates a debtor's assets and distributes the proceeds to the debtor's creditors. Debts not satisfied through the liquidation process are usually then discharged. But certain types of debt are nondischargeable, including debt owed as a domestic support obligation. This discharge exception is located in 11 U.S.C. § 523(a)(5) of the Bankruptcy Code, but its scope turns on the definition of "domestic support obligation" located in 11 U.S.C. § 101(14A):

> The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is--
> (A) owed to or recoverable by--
>   (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
>   (ii) a governmental unit;
> (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
> (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of--
>   (i) a separation agreement, divorce decree, or property settlement agreement;
>   (ii) an order of a court of record; or
>   (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
> (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

2

Subpoints A, B, C and D of this definition thus represent four requirements which must be satisfied for a debt to constitute a domestic support obligation. This appeal concerns the first of those requirements: that the obligation be owed to or recoverable by a spouse, former spouse, or child of the debtor (or that child's parent, legal guardian or responsible relative) or a governmental unit. The parties do not dispute that the other requirements are satisfied here. In particular, they agree that the debt at issue is in the nature of support of Mr. Bobinski and Ms. Thomas' children. [DE 4 at 6].[1]

Ms. Wischmeyer argues that Mr. Bobinski's obligation to her is a domestic support obligation. She says that if Mr. Bobinski does not pay his share of guardian *ad litem* fees, Ms. Thomas can be required to pay them. Mr. Bobinski does not dispute that contention. Alternatively, Ms. Wischmeyer contends that she served as an agent of the court and so her fees constitute a debt to a governmental unit.[2] Moreover, Ms. Wischmeyer says this is a tenable position since, as the Seventh Circuit noted in *In re Rios*, courts do not read the domestic support exception's requirements literally. 901 F.2d 71, 72 (7th Cir. 1990). Mr. Bobinski responds that an obligation to pay fees directly to a guardian *ad litem* does not constitute a debt owed to or recoverable by his children or a governmental unit, so his debt should be dischargeable.

At least one district court in the Seventh Circuit has already addressed this issue. In *Levin v. Greco*, the Northern District of Illinois considered an appeal from a bankruptcy court,

---

[1] The bankruptcy court found the debt at issue here not to be "in the nature of alimony, maintenance or support" of Ms. Thomas and Mr. Bobinski's children. [DE 1 at 76]. But, the parties now agree that the debt at issue is in the nature of support. [DE 4 at 6]. This Court endorses the parties' position, which is well supported by appellate precedent. *See, e.g.*, *Miller v. Gentry (In re Miller)*, 55 F.3d 1487, 1490 (10th Cir. 1995).

[2] In the bankruptcy court Ms. Wischmeyer also argued that her debt was nondischargeable because any attempt to recover guardian *ad litem* fees is an act of the child. She does not, however, appear to be pursuing this argument on appeal.

3

which had held that a debt to a child representative (similar to a guardian ad litem[3]) was dischargeable, since it was not a debt to a party specifically enumerated in § 101(14A)(A). 415 B.R. 663 (N.D. Ill. 2009). The district court found that several courts of appeals have interpreted the domestic support exception to preclude discharge of debts owed to third parties when the debt is related to maintenance or support obligations. *Id*. at 666. Accordingly, it reversed the bankruptcy court and held that the debt owed to the child representative was nondischargeable. *Id.* at 667. While it noted that varying rationales could support its decision, it concluded that the nature of guardian *ad litem* fees as in support of the child should be emphasized over the identity of the payee. *Id*.

In this case, the bankruptcy court reached a result similar to the bankruptcy court in *Levin*. It held that a debt must be payable directly to a payee listed in § 101(14A) to be nondischargeable.[4] There are some cases that have adopted this reasoning. *See, e.g., Levin v. Greco (In re Greco)*, 397 B.R. 102, 107-08 (Bankr. N.D. Ill. 2008) (endorsing a plain meaning approach which resulted in reversal by the district court, as discussed above); *see also Kassicieh v. Battisti (In re Kassicieh)*, 425 B.R. 467, 472-73 (Bankr. S.D. Ohio 2010) (surveying courts that have adopted the plain meaning approach). But there is no support for this rationale in the courts of appeals.

In contrast, the *Levin* district court's reasoning—which emphasizes the inquiry of whether a debt is in support of a party listed in § 101(14A) over the payee requirement—is

---

[3] While there are some differences between the role of a guardian *ad litem* and that of a child representative, "there is no meaningful distinction [between these two positions] for purposes of the Bankruptcy Code's domestic support exception[.]" *Levin*, 415 B.R. at 667.

[4] The Court also notes the bankruptcy court's reliance on the Supreme Court's directive to use a plain meaning approach when interpreting the bankruptcy code as articulated in *Kassicieh*, 425 B.R. at 472 n. 3. But this Court follows the courts of appeals' interpretations of the domestic support exception, which were doubtless formed cognizant of the role of plain meaning in statutory interpretation.

4

rooted in appellate precedent. *See, e.g. Miller*, 55 F.3d at 1490; *Beaupied v. Chang (In re Chang)*, 163 F.3d 1138, 1141 (9th Cir. 1998); *Hudson v. Raggio (In re Hudson)*, 107 F.3d 355, 357 (5th Cir. 1997) (holding reaffirmed by *Lauderdale v. Papadopoulos (In re Lauderdale)*, 460 F. App'x 361 (5th Cir. 2012) (interpreting § 523(a)(5) after it was amended in 2005) (unpublished)); *see also In re Anderson*, 463 B.R. 871, 875 (Bankr. N.D. Ill. 2011).[5] The weight of this authority is persuasive. While a debt may not be payable directly to a party enumerated in § 101(14A)(A), "the emphasis [should be] placed on the determination of whether a debt is in the nature of support, rather than on the identity of the payee." *Levin*, 415 B.R. at 667 (alteration in original) (quoting *Miller*, 55 F.3d at 1490). And there is no dispute that the debt at issue here is "in the nature of support" of the debtor's child. [DE 4 at 6]; *see also Miller*, 55 F.3d at 1490. Accordingly, the Court concludes that Ms. Wischmeyer's guardian *ad litem* fees are nondischargeable under § 523(a)(5).

This conclusion is also supported by another rationale. Even if the support inquiry were not emphasized over the payee requirement, Ms. Wischmeyer would still be able to satisfy the payee requirement. While she may not be a spouse or child of the debtor, courts have not read the payee requirement literally. In *In re Rios*, the Seventh Circuit noted that § 523(a)(5) may except from discharge debts not directly payable to parties listed in the domestic support exception. 901 F.2d at 72 ("awards of attorneys' fees for services in obtaining support orders have been held nondischargeable even though the attorney is neither a spouse, a former spouse,

---

[5] While some of these cases were decided prior to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), they remain relevant. The BAPCPA replaced § 523(a)(5)'s substance with a reference to a "domestic support obligation," which Congress added to the list of defined terms in § 101(14A). Congress then defined "domestic support obligation" to expand the universe of payees covered by the § 523(a)(5) exception from "a spouse, former spouse, or child of the debtor" to "(i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or (ii) a governmental unit." This modification does not undermine the rationale adopted by the courts of appeals that "it is the nature of the debt, rather than the identity of the creditor, that controls" for the purposes of the § 523(a)(5) analysis. *Kassicieh*, 425 B.R. at 476.

nor a child of the debtor."). In that case, the court held legal fees incurred by a debtor in a child support suit were dischargeable. While that holding is not directly apposite to this case, the court's analysis is:

> The cases which deny discharge for attorneys' fees incurred to obtain child support assimilate the debt owed the attorney to a debt owed 'to a spouse, former spouse, or child of the debtor.' *See, e.g., In re Spong,* 661 F.2d at 8–9. The theory is that the spouse's or child's expenses of collection are part of the underlying obligation. That theory cannot stretch to cover fees for an attorney hired by the debtor, unless there is some legal obligation to hire an attorney on behalf of the spouse or child.

*Id*. So, where a debtor incurs attorney's fees in furtherance of a legal obligation to collect a debt in support of his child, that obligation–while not payable directly to his child—nevertheless satisfies the § 101(14A)(A) payee requirement.

This case is sufficiently analogous to such a scenario to preclude discharge. In a June 6, 2011 stipulated order, Mr. Bobinski agreed to the appointment of Ms. Wischmeyer and to pay half of Ms. Wischmeyer's fees. [DE 1 at 30-31]. So, Mr. Bobinski had a legal obligation to hire a guardian *ad litem* for the benefit of his children. Moreover, that guardian *ad litem* provided services in support of Mr. Bobinski's children: she represented the children's best interest in contested legal proceedings. So, Mr. Bobinski acted in accordance with a legal obligation to provide services in support of his children. As such, his debt to Ms. Wischmeyer satisfies the domestic support exception's payee requirement.

Furthermore, Ms. Wischmeyer asserts (and Mr. Bobinski does not contest) that Ms. Thomas could be liable for Mr. Bobinski's share of guardian *ad litem* fees if he does not pay. In these circumstances, the satisfaction of a debt payable to Ms. Wischmeyer accrues to Ms. Thomas' benefit. Any such debt is effectively payable to Ms. Thomas, even though she may not be the direct recipient of the funds. *See Kline v. Kline (In re Kline)*, 65 F.3d 749, 751 (8th Cir. 1995).

Thus, even if this Court did not emphasize the support inquiry over the payee

6

requirement, Ms. Wischmeyer would still be able to satisfy the latter. That provides further support for the conclusion that, consistent with § 523(a)(5), Mr. Bobinski is not able to discharge Ms. Wischmeyer's fees in bankruptcy.

## VI. Conclusion

For the above reasons, the decision of the bankruptcy court is REVERSED. This matter is remanded for further proceedings consistent with this opinion.

SO ORDERED.

ENTERED: December 15, 2015

    /s/ JON E. DEGUILIO
Judge
United States District Court